**US DISTIRCT COURT**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LYNN LIETZ, et al., on behalf of themselves, and all other plaintiffs known and unknown,** | ) ) ) | **Case No. 11-cv-0108** |
| | ) | **Magistrate Judge Schenkier** |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **ILLINOIS BELL TELEPHONE COMPANY** | ) ) ) | |
| **Defendants.** | ) ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT**
**OF FINAL APPROVAL OF SETTLEMENT**

## I.     PRELIMINARY STATEMENT

This memorandum is submitted pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure in support of final approval of the Joint Stipulation of Settlement. (The "Settlement" or "Settlement Agreement"). With some assistance from the Court, Plaintiff's counsel negotiated a settlement with counsel for defendant, Illinois Bell Telephone Company ("Illinois Bell" or the "Defendant"). The negotiations were at arm's length and the settlement was preliminarily approved by this court on May 9, 2012. An executed copy of the Settlement Agreement was filed with this Court under seal on April 26, 2012. Class Counsel requests that this Court enter the Order Granting Final Approval of the Settlement because the Settlement is fair, reasonable and adequate and, in all other respects, merits the Court's approval. A proposed draft Order is attached hereto as Exhibit A.

## II.    HISTORY OF THE LITIGATION

On February 23, 2011, Anthony Brown, the named Plaintiff, filed suit on behalf of himself and other similarly situated individuals who were "employed by Defendant in its Illinois Call Centers as Sales and Service Personnel or in a similarly titled position in the state of Illinois at any time during the relevant statute of limitations period who: 1) were not paid for all hours worked; or 2) worked more than forty hours in a week, but did not receive overtime pay." (Brown Compl. ¶ 16).  Mr. Brown alleged that Illinois Bell failed to pay call center employees for preliminary and postliminary work and did not provide meal and rest breaks, and sought wages under the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, *et seq.* ("IWPCA"), the Illinois Minimum Wage Law, 810 ILCS 105/1 *et seq.* (the "IMWL"), and the Eight Hour Work Day.  (Brown Compl. ¶¶ 7, 26-27, 29, 31-31).

On March 30, 2011, Illinois Bell removed Brown's case to the U.S. District Court for the Northern District of Illinois.  Shortly thereafter, on April 7, 2011, the parties filed a motion to consolidate the named Plaintiff's suit with the lawsuit of *Lynn Lietz, et al. v. Illinois Bell Telephone Company*, Case No. 1:11-cv-0108, in the United States District Court for the Northern District of Illinois.  In the motion, the parties requested consolidation because Brown's state law claims were nearly identical to the claims for unpaid wages being pursued under federal law by the plaintiffs in *Lietz*.  On April 13, 2011, the *Lietz* Court granted the parties' motion for consolidation.  Although Brown's Rule 23 action was consolidated with *Lietz*, settlement negotiations for the FLSA Class proceeded separately from settlement negotiations for the Rule 23 Class, and a separate settlement for the FLSA Class was reached.  Additionally, the FLSA Class is represented by separate counsel.

2

Illinois Bell has at all times denied the allegations asserted by the Plaintiff. It has been Defendant's position throughout the litigation that Plaintiff and the Class did not perform uncompensated work for Defendant, that Defendant prohibits off-the-clock work, that any off-the-clock work performed by the Plaintiff and the putative class is *de minimus*, that pre-shift off-the-clock work is prevented by a technological lockout implemented by Defendant, that any off-the-clock work performed by Plaintiff and the putative class is not compensable, that there is no commonality or typicality among the class of call center employees Plaintiff purports to represent, and that the class representative is inadequate. Plaintiff strongly disputes each of these assertions.

From the outset of this case, the parties have worked to reach settlement. Through the informed exchange of information and their negotiations, the parties have arrived at this Rule 23 Settlement. Plaintiff and his counsel now seek final approval of the Settlement Agreement.

## III.    THE SETTLEMENT

The Settlement provides relief to members of the class. The Class is defined as follows:

> All individuals employed by Defendant in the job titles of Service Rep (Service), Service Rep (Sales), and Sales Consultant in Defendant's Consumer Markets call centers in Arlington Heights, Oak Brook, and Chicago, Illinois at any time between February 23, 2008 and March 30, 2012 who are not plaintiffs or opt-in plaintiffs in the parties' concurrent §216(b) settlement.

The total settlement amount payable to Class members and Class counsel is $100,000, of which at least $64,666.67 is available for payment to the Class. The minimum recovery is $88 and the maximum recovery is $327.66. The formula that was negotiated is based in large part upon the settlement formula agreed upon in *Lietz* and upon empirical data developed by Illinois Bell in this and prior cases for people in the same job positions, all as more fully described in the Notice that was sent to Class members. The number of eligible Class claimants is 730. As of the

date of this memorandum, 164 have submitted claims, almost a 25% rate.  To date, no Class member has submitted an objection or a request to opt out of the Class.

## IV.     NOTICE TO THE CLASS

On May 17, 2012, counsel caused 730 Court approved Notices and claim packets to each class member's last known address by first class mail, proper postage prepaid.  Fifty Notices have been returned as undeliverable.  Therefore, over 90% have been received by Class members.

## V.     THE STANDARDS FOR JUDICIAL APPROVAL OF A SETTLEMENT

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, court approval is required for all class action settlements.[1]  Approval of class action settlements is subject to the court's discretion.  *AIG, Inc. v. ACE INA Holdings, Inc.,* 2012 WL 651727 (N.D. Ill.), citing *Isby v. Bayh,* 75 F.3d 1191, 1196 (7th Cir. 1996).  In granting final approval of a class action settlement, the court's function is to determine whether the settlement is "fair, adequate and reasonable."  *AIG, Inc.,* 2011 WL 651727 at *1; General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074 (7th Cir. 1997); *Isby v. Bayh,* 75 F.3d 1190, 1196 (7th Cir. 1997); *Ragsdale v. Turnock,* 734 F.Supp. 1457 (N.D. Ill. 1990), aff'd, 941 F.2d 501 (1991), *cert. den. sub. nom. Murphy v. Ragsdale,* 502 U.S.1033 (1992).  In determining whether a settlement is fair, adequate and reasonable, the Seventh Circuit has endorsed examination of the following factors:

    a.     The complexity, expense and likely duration of the litigation;

---

[1]     Fed.R.Civ.P. Rule 23(e) states: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

b.    the reaction of the class members to the settlement;

c.    the stage of the proceedings and the amount of discovery completed;

d.    the risks of establishing liability and damages;

e.    the risks of maintaining the class action through trial;

f.    the ability of defendants to withstand a greater judgment; and,

g.    the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Synfuel Technologies, Inc. v. DHL Express (USA), Ill., 463 F.3d 646 (7th Cir. 2006); General Electric,* 128 F.3d at 1082; *Isby,* 75 F.3d at 1199; *EEOC v. Hiram Walker & Sons, Inc.,* 768 F.2d 884, 889 (7th Cir.1985).

The scope of the court's review of a proposed settlement is guided by the overriding policy that courts favor the settlement of disputed claims. *Williams v. First National Bank,* 216 U.S. 582, 595 (1910); *Isby,* 75 F.3d at 1196. Consistent with that policy, courts need not focus on the individual components of the settlement, but, rather should view them in their entirety when evaluating fairness.

A settlement enjoys a presumption that it is fair, adequate and reasonable when it is the product of arms-length negotiations conducted by capable counsel experienced in class action litigation. *Schulte v. Fifth Third Bank,* 805 F. Supp.2d 560, 586-587 (N.D.Ill. 2011):

"The opinion of competent counsel is relevant to the question whether a settlement is fair, reasonable, and adequate under Rule 23 (citations omitted) Class Counsel has extensive experience in consumer class actions and complex litigation and there is no indication that the Settlement Agreement is the victim of collusion. Class Counsel believes that the Settlement is beneficial to the Class and meets the class-certification requirements of Rule 23."

A court also should not substitute its judgment for that of counsel who negotiated the settlement, *Synfuel,* 463 F.3d at 653. Both Illinois Bell's counsel and Class Counsel are experienced class action litigators, and both sides, seeing the risks associated with continuing this litigation, used their professional judgment to reach a settlement which provides substantial benefits to the Class.

In the present case, this Court was actively involved in the negotiation process in the companion *Lietz* case, which involved protracted and often contentious negotiations. The *Brown* negotiations, while not as combative, reached the same settlement formula as the *Lietz* claims, with an additional discount taken for risk that the Class would not be certified pursuant to Rule 23. Plaintiffs respectfully submit that examining the Settlement in light of the elements set forth in the *AIG, Synfuel, Hiram Walker* and the other cited cases demonstrates that the Settlement is fair, adequate and reasonable, and therefore, should be approved.

## VI.    EVALUATION OF THE SETTLEMENT UNDER THE RELEVANT FACTORS

### A.    The Settlement is Fair, Reasonable and Adequate in Light of the Complexity, Expense and Duration of the Litigation

Wage and hour cases frequently do not present myriad complex legal issues. This case did not. However, this case did present very complicated and time consuming damage assessments and calculations. The records were voluminous and the potential recovery for individual Class members was potentially quite small. Further, even assuming Plaintiff was ultimately successful at trial, he and the Class would run the risk of reversal by the Seventh Circuit in the event of an appeal.

Given the risks facing Plaintiff and the Class, it is the opinion of Class Counsel that Settlement is entirely appropriate in this case. The expense of continued litigation and the difficulty in establishing liability and damages were potentially substantial. Against this, Plaintiff has been able to obtain a substantial portion of the relief sought in the Complaint. In particular, Plaintiffs were able to recover at least $88 for each Class member regardless of the small size of their claims and in some instances, as much as $327 for the largest claims for people who would have had nothing without Plaintiff bringing suit.

### B.    The Reaction of the Class to the Settlement

Almost 25% of the Class members have submitted valid claim forms. At first blush, this does not appear to be a high response rate. But this 25% response rate must be considered in light of the fact that all of the Class members have already had two opportunities to opt in to two

parallel FLSA suits (*Lietz* and *Russell v. Illinois Bell Telephone Com.,* 08 CV 1871) prior to receiving notice of this Class settlement under Illinois law, and they chose not to do so. And, there have been no objections to the settlement from any class member and no Class member has opted out of the case. The absence of any objections by members of the Class tacitly constitutes their consent to the Settlement. *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Lit.,* ___F.R.D. ___, 2011 WL 5599129 (N.D. Ill.)

> "The lack of objectors challenging the settlement favors a finding that the settlement is 'fair and reasonable.' *Am. Civil Liberties Union v. United States Gen. Servs. Admin.,* 235 F.Supp.2d 816, 819 (N.D.Ill.2002). The fact that '99.9% of class members have neither opted out nor filed objections to the proposed settlements' is 'strong circumstantial evidence favoring settlement.' *In re Mexico Money Transfer Litig.,* 164 F.Supp.2d at 1020–21; *Hispanics United of DuPage County v. Vill. of Addison,* 988 F.Supp. 1130, 1169 (N.D. Ill.1997) (finding settlement fair where a small fraction of class members objected)."

As discussed above, the communication between Class Counsel and Class members leads to the conclusion that the Class believes that this Settlement is fair, reasonable and adequate, and that it warrants Court approval.

### C. The Stage of Proceedings and the Amount of Discovery Completed at the Time of Settlement

The Settlement was reached before litigation and discovery started in earnest. However, both Class Counsel and Illinois Bell's lawyers had the benefit of the two prior suits, the first of which was vigorously contested. Informal discovery, coupled with a voluntary exchange of information and the settlement negotiations, provided Class Counsel with a clear picture of the strengths of the case against Illinois Bell and also a full understanding of the defenses, legal and factual, that Illinois Bell would raise by motion and at trial. *See, e.g. In re AT&T Mobility Wireless Data Services Sales Tax Lit.,* 789 F. Supp. 2d at 966:

> "Although no formal discovery has taken place in this MDL litigation prior to the parties' entering into the Settlement Agreement, the parties have nevertheless engaged in considerable, extensive informal discovery. (R. 156 at 40; R. 163 at 61.) Class Counsel

obtained information about all the relevant issues during the half-year-long settlement negotiations…"

### D.     The Risk of Establishing Liability and Damages

Plaintiff's Counsel strongly believes that his client's claims are meritorious and that the evidence he developed and that would have confirmed through discovery supports those claims. However, Plaintiff's Counsel also recognizes that success at trial is not guaranteed.  Among the many risks that Plaintiff would face in the absence of this Settlement are:

a.  the risk that the Court would deny class certification because of the multiple job categories with differing duties encompassed within the Class;

b.  the risk that the Court would sustain Illinois Bell's claim that there were no damages or that damages were *di minimus.*

If this action had reached trial, the trial itself would likely have consumed several weeks and the results would have been appealed no matter which side won.  Thus, if the Court does not approve the Settlement, the human and financial resources that will be expended to prosecute and defend this action will be substantial. The Settlement provides the Class with substantial relief, none of which is by any means assured if the litigation were to continue.

### E.     The Risks of Maintaining the Class Action through Trial

While Plaintiff believes there was a sound basis for his motion for certification, the Court had not yet ruled on whether Plaintiff's case could proceed as a Rule 23 class.  Although there were many similarities and reasons to approve Plaintiff's motion for certification, Plaintiff acknowledges that there were differences among the various Class members and other risks that could have prevented Plaintiff's claims from being prosecuted as a class.  *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541(2011) has added a new layer of complexity to the analysis of the "commonality" issue in Rule 23 motions.  *See also, for example, Bunyan v. Spectrum Brands, Inc.,* 2008 WL 2959932 (S.D. Ill.)

F.      **The Ability of the Defendant to Withstand a Greater Judgment**

The risk of non-collectability of a greater judgment is of no concern in the present case; Illinois Bell is a large institution and the settlement is, relatively speaking, small. The ability of a defendant to withstand judgment does not, however, in any way preclude settlement. *In re Sunrise Securities Lit.,* 131 F.R.B. 450 (E.D. Pa. 1990). In this case, the fact that Illinois Bell is in good financial condition actually facilitates the Settlement because the Class can be reasonably confident that Illinois Bell can pay all claims. The Settlement is extremely reasonable when compared with the total damages suffered by the Class and what Class members could lose if the litigation were to yield an unfavorable result.

G.      **The Reasonableness of the Settlement in Light**
      **of the Best Possible Recovery and the Risks of Litigation**

Class Counsel believes that the recovery here of an additional $88 to $327 in unpaid overtime is very reasonable given the risks and the time that would have been required to bring all matters to conclusion. This settlement, in its plainest form, provides one third of the total potential damages that Class members could have recovered at trial years from now. In terms of the ratio between relief obtained and the maximum possible relief, the Settlement exceeds many finally approved settlements, and thus falls well within the range of settlements which should receive final approval. *See, e.g., In re Sunrise Securities Litig.,* 131 F.R.D. 450 (E.D. Pa. 1990) (recovery of approximately 20% of estimated recoverable damages was well within the range of reasonableness); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 455 (2d Cir. 1974) ("The fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved. The proposed settlement cannot be judged without reference to the strength of plaintiff's claims.") *Recent Trends IV: What Explains Filings and Settlements in Shareholder Class*

*Actions* 10-11 (1996) (securities settlements range from 9%-14% of claimed damages). *See also In re Prudential Securities, Inc. L.P. Lit.,* 1995 WL 798907 (S.D.N.Y.) (approving settlement of between 1.6% and 5% of claimed damages); *In re Crazy Eddie Securities Lit.,* 824 F.Supp. 320 (E.D.N.Y.1993) (settlement of between 6% and 10% of damages); *In re Michael Milken & Assocs. Securities Lit.,* 150 F.R.D. 57 (S.D.N.Y.1993) (7.5%).

Moreover, the Settlement must be balanced against the risks of further litigation. When the probability of success at trial is factored into the equation, the Settlement is obviously "within the range of reasonableness". *See, e.g., Trist v. First Federal Savings & Loan of Chester,* 89 F.R.D. 4, 7 (E.D. Pa. 1980); *Sala v. National Railroad Passenger Corp. d/b/a/ "Amtrak",* 721 F. Supp. 80, 83 (E.D. Pa. 1989). It represents "a very substantial portion of the <u>likely</u> recovery in this case, and is unquestionably better than another 'possibility' — little or no recovery at all." *In re Saxon Securities Litigation,* 1985 WL 48177, *13 (S.D.N.Y.) (Emphasis in original.)

### H. Attorneys' Fees and Costs

This matter was undertaken by counsel on a wholly contingent basis, with counsel advancing all expenses. Counsel has received no compensation for their services to date. Counsel has also filed a Fee Petition in further support of their claims for attorney fees.

## VII.    CONCLUSION

For all of the reasons set forth above, Class Counsel and the Plaintiff respectfully request that the Settlement be approved by the Court as fair, adequate and reasonable and that judgment be entered accordingly.

Respectfully submitted this 22 day of June, 2012.

/s/Terrence Buehler _____
Terrence Buehler
TOUHY, TOUHY & BUEHLER, LLP
55 W. Wacker Drive, Suite 1400
Chicago, IL  60601
(312) 372-2209

Vincent  DiTommaso
Peter Lubin
DiTommaso-Lubin P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL

Rule 23 Class Counsel

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on June 22, 2012, I electronically filed the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

/s/Terrence Buehler _____